UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| YADIRA GARCIA, | : |
| Plaintiff, | : |
| v. | : Civ. No. 07CV322 (WWE) |
| UNITED STATES OF AMERICA, YALE-NEW HAVEN HOSPITAL, YALE UNIVERSITY SCHOOL OF MEDICINE, YALE-NEW HAVEN AMBULATORY SERVICES CENTER CORP., SANDRA CHECCA, M.D., WOMEN'S SURGICAL CENTER, | : |
| Defendants. | : |

## MEMORANDUM OF DECISION ON
## DEFENDANT CHECCA'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Yadira Garcia brings this medical malpractice action against the United States, Yale-New Haven Hospital, Yale University School of Medicine, Yale-New Haven Ambulatory Services Corporation, Sandra Checca, M.D., and Women's Surgical Center. Specifically, plaintiff alleges (1) negligence against the United States of America based on the conduct of Henry Nusbaum, M.D.; (2) negligence against Yale-New Haven Hospital; (3) negligence against Yale University School of Medicine; (4) negligence against Yale-New Haven Ambulatory Services Center Corporation; and (5) negligence against Dr. Checca.

Defendant Dr. Checca has filed a motion for summary judgment on the claim against her. For the following reasons, the motion for summary judgment will be granted.

## BACKGROUND

The parties have submitted statements of fact, with supporting materials, which reveal the following factual background.

On October 25, 2005, plaintiff commenced an action in state superior court that alleged medical malpractice relative to a bilateral laparoscopic tubal fulguration performed on plaintiff by Dr. Nusbaum on November 3, 2003. Plaintiff alleged that defendant Dr. Checca, who was the anesthesiologist, negligently failed to perform a discharge evaluation of plaintiff on November 3, 2003.

In May 2006, plaintiff withdrew her claim against Dr. Nusbaum because her action against him was subject to the Federal Tort Claims Act.

On March 7, 2007, plaintiff filed a new complaint in the United States District Court for the District of Connecticut against the defendants named in the state court action, substituting the United States of America for Dr. Nusbaum. Both the state and federal complaint alleged the same claim of negligence against defendant Dr. Checca.

In December 2007, plaintiff withdrew all claims against each defendant in the state action.

## SUMMARY JUDGMENT

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir. 1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Liberty Lobby, 477 U.S. at 24.

Defendant Dr. Checca argues that plaintiff's federal claim against her is barred by the two year statute of limitations of Connecticut General Statutes ("Conn. Gen. Stat.") § 52-584. It is undisputed that the federal action was filed more than two years after the running of the statute of limitations.

Plaintiff counters that her claim was tolled by her timely commencement of the state court action against defendant Checca. According to Connecticut state decisional law, if a prior action prevents enforcement of a remedy sought in a later action, the pendency of the prior action can toll the statute of limitations for a later filed action. Fontanella v. Marcucci, 89 Conn. App. 690, 699 (2005) (statute of limitations tolled in legal malpractice action by pendency of underlying case).

In this instance, there is no indication that plaintiff's prior action in state court prevented enforcement of a remedy in her later filed federal law suit seeking damages against defendant Dr. Checca. See Miller v. Allaire, 2006 WL 1610640 *3 (Conn.

Super. Ct. 2006) (prior action filed in New York state court and voluntarily withdrawn did not toll statute of limitations for later action filed in Connecticut state court).

Further, a plaintiff who has voluntarily withdrawn a prior action cannot avail herself of the extension to the statute of limitations provided in the accidental failure of suit statute, Conn. Gen. Stat. § 52-592. Rosenfield v. I.D. Marder & Assoc., 2006 WL 164821 (Conn. Super. Ct. 2006).

Accordingly, the Court will grant the motion for summary judgment on the claim against defendant Dr. Checca.

## **CONCLUSION**

For the foregoing reasons, the Motion for Summary Judgment [doc. # 40] is GRANTED. Plaintiff is instructed to amend the complaint consistent with this ruling within 15 days of this ruling's filing date.

Dated this 16th day of September, 2008 in Bridgeport, Connecticut.

_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE