**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **YADIRA GARCIA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civ. No. 3:07CV00322 (WWE)** |
| | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **YALE-NEW HAVEN HOSPITAL,** | : | |
| **YALE UNIVERSITY SCHOOL OF** | : | |
| **MEDICINE, YALE-NEW HAVEN** | : | |
| **AMBULATORY SERVICES CENTER** | : | |
| **CORP., WOMEN'S SURGICAL** | : | |
| **CENTER,** | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM OF DECISION ON**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This action arises from plaintiff Yadira Garcia's claims of medical malpractice

against defendants Yale-New Haven Hospital, Yale University School of Medicine, Yale

New Haven Ambulatory Services Center Corp., Women's Surgical Center and the

United States of America (collectively "defendants").  Now pending before the Court is a

Motion for Summary Judgment filed by defendants Yale-New Haven Hospital, Yale

University School of Medicine, Yale-New Haven Ambulatory Services Center Corp. and

Women's Surgical Center (collectively "moving defendants") as to counts two, three and

four of plaintiff's second amended complaint filed on December 4, 2008.  Counts two,

three and four allege negligence on the part of the moving defendants.  For the

following reasons, the moving defendants' Motion will be granted.

**BACKGROUND**

Plaintiff has failed to submit a statement of fact in compliance with Local Rule 56(a)2.  However, the parties agree on the following iteration of facts for purposes of this Motion. On November 3, 2003, plaintiff underwent a bilateral laparoscopic tubal fulguration at the Women's Surgical Center, performed by Dr. Henry Nusbaum ("Dr. Nusbaum").  Plaintiff was discharged on the same day.  Plaintiff alleges that Dr. Nusbaum lacerated the plaintiff's aorta near the mesenteric artery causing her to become unconscious, unresponsive and without blood pressure upon her arrival from the hospital.  As a result, plaintiff was taken to Yale-New Haven Hospital to be treated. Plaintiff alleges that defendants breached the standard of care by discharging her on the same day as the surgical procedure causing her to suffer damages.

Originally, plaintiff filed suit in Connecticut Superior Court with a return date of October 25, 2005. After withdrawing her complaint against Dr. Nusbaum in the state court action in May of 2006, plaintiff filed a complaint in this Court against Dr. Nusbaum on March 1, 2007.  On May 8, 2007, plaintiff filed an amended complaint in the federal action alleging the same malpractice claims in this federal court action as it had in the state court action, except that it substituted defendant United States for Dr. Nusbaum, an alleged agent of the United States Public Health Service.  Plaintiff withdrew the entire state court action on December 31, 2007.  This Court granted defendant Sandra Checca, M.D.'s motion for summary judgment on September 16, 2008 finding that plaintiff's claims were barred by the applicable statute of limitations. See Garcia v. U.S., 2008 WL 4298319 (D. Conn. Sept. 16, 2008).

**LEGAL STANDARD**

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir. 1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F. 2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  Liberty Lobby, 477 U.S. at 24.

**DISCUSSION**

The moving defendants argue that plaintiff's malpractice claims are barred by the two-year statute of limitations of Connecticut General Statutes ("Conn. Gen. Stat.") § 52-584.  Plaintiff does not contest that as to the moving defendants the statute of limitations expired.  It is undisputed that this action was commenced in federal court on

May 8, 2007 and that the date of injury was November 3, 2003. Therefore, pursuant to Conn. Gen. Stat. § 52-584 the statute of limitations expired on November 3, 2005 long before the action was commenced in federal court.

Citing the accidental failure of suit statute, Conn. Gen. Stat. § 52-592, the nonmoving defendant, the United States of America, argues that the plaintiff's claims were timely and should not be dismissed. The accidental failure of suit statute permits commencement of the same cause of action at any time within one year after the date after dismissal against

> the same parties or the legal representatives of either of them for the same cause of action or subject of action brought to any court in this state, either before dismissal of the original action and its affirmance or within one year after the dismissal and affirmance, and to any action brought to the United States circuit or district court for the district of Connecticut which has been dismissed without trial upon its merits or because of lack of jurisdiction in such court.

Conn. Gen. Stat. § 52-592(d)

The plain language of this statute requires dismissal of the timely action. Here, the plaintiff voluntarily withdrew her state court action after she had already commenced her untimely federal court action as to the moving defendants.

The nonmoving defendant argues that the timing of the withdrawal in this case –after the federal court action was commenced– distinguishes the facts at hand from those in cases where the court rejected the invocation of the accidental failure of suit statute. The Court disagrees. It is not the chronology that is dispositive, but whether the timely action was voluntarily withdrawn or dismissed by the court. "Where a plaintiff has voluntarily withdrawn his action, he may not take advantage of the extension of time provided by the accidental failure of suit statute." See Rosenfield v. I.D. Marder & Assoc., 2006 WL 164821, at * 7 (Conn. Super. Ct. 2006) (citing Baker v. Baningoso, 134 Conn. 382, 387 (1948)).

Accordingly, the Court grants the moving defendants summary judgment as to counts two, three and four.

**CONCLUSION**

For the foregoing reasons, the Motion for Summary Judgment [doc. # 100] is GRANTED.  Plaintiff is instructed to amend the complaint consistent with this ruling within 15 days of this ruling's filing date.

Dated this 20th day of July, 2009 in Bridgeport, Connecticut.

_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE